UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN DOE #2,<br>    Plaintiff,<br><br>versus<br><br>TANGIPAHOA PARISH SCHOOL BOARD,<br>ANN SMITH, School Board Member, District<br>A, ROBERT POTTS, School Board Member,<br>Member, District B, LEONARD GENCO,<br>School Board Member, District C; AL LINK,<br>School Board Member, District D, DANNY RIDGEL,<br>School Board Member, District E, ROBERT<br>CAVES, School Board Member, District F, ERIC<br>DANGERFIELD, School Board Member, District G,<br>SANDRA BAILEY-SIMMONS, School Board Member, and<br>District H, ROSE DOMINQUEZ, School Board Member,<br>District I,<br>    Defendants. | CIVIL ACTION<br><br>NUMBER:<br><br>SECTION:<br><br>MAGISTRATE<br>DIVISION<br><br>**08-1172**<br>**SECT. T MAG. 5** |

### VERIFIED COMPLAINT

**NOW INTO COURT** comes plaintiff, JOHN DOE #2, who respectfully represents:

I. JURISDICTION

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) for causes of action arising under the First and Fourteenth Amendments to the Constitution of the United States of America, 42 U.S.C. § 1983 and 1988, and 28 U.S.C. §§ 2201 and 2202. Supplemental jurisdiction is invoked pursuant to the Constitution and laws of the State of Louisiana.

Fee $350.00
Process
X Dktd
___ CtRmDep
___ Doc. No

## II. NATURE AND CAUSE OF ACTION

2. This is an action for declaratory and injunctive relief, declaring the invocation policy and practice of defendant, Tangipahoa Parish School Board, sanctioning, soliciting, permitting, authorizing, encouraging and acquiescing in the delivery of religious invocations prior to and/or at the commencement of Board meetings "by an eligible member of the clergy in the Parish of Tangipahoa" to be in violation of the Establishment Clause of the First Amendment to the United States Constitution, and 42 U.S.C. Section 1983, and enjoining said policy and practice.

## III. PARTIES

3. Plaintiff herein is JOHN DOE #2, a person of full age of majority and domiciled in the parish of Tangipahoa, state of Louisiana.

4. Defendants herein are:

   a. TANGIPAHOA PARISH SCHOOL BOARD ("BOARD"), a body politic authorized to sue and be sued in its own name. *See* La.Rev.Stat. 17:51.

   b. ANN SMITH, ROBERT POTTS, LEONARD GENCO, AL LINK, DANNY RIDGEL, ROBERT CAVES, ERIC DANGERFIELD, SANDRA BAILEY-SIMMONS, and ROSE DOMINQUEZ, members of the Tangipahoa Parish School Board, representing Districts A-I, respectively. They are named parties in their individual and official capacity. They are sued in the individual capacities due to their repeated and willful disregard for and violations of the Establishment Clause.

## IV. FACTS

5. Plaintiff, JOHN DOE #2, is a domiciliary and resident of the town of Loranger, parish of Tangipahoa, state of Louisiana. He is a taxpayer and registered voter. He is the father

of two minor children who are enrolled in schools within the jurisdiction of the Board. He attends meetings held by the Board.

6.  The Board is responsible for the operation and government of the schools comprising the Tangipahoa Parish School System.

7.  The Board meets twice a month, on the first and third Tuesday, in the board room of the Tangipahoa Parish School System Central Office, which is located at 59656 Puleston Road, Amite, Louisiana.[1] The meetings are presided over by the president of the Board or, in his absence, the vice-president. *See* La.Rev.Stat. 17:83.

8.  The Board meetings are open to the public, including students. Each Board meeting is opened with a prayer, followed by the pledge of allegiance.

9.  There are thirty-five (35) schools within the Tangipahoa Parish School System, serving 18,023 students.[2]

10. On or about August 21, 2007, the Board enacted an invocation policy, setting forth in detail, *inter alia,* when and under what conditions an invocation would be given, who is eligible to give an invocation, the procedure for becoming eligible to give an invocation, and the frequency with which the same person could give an invocation. *See* P-1 [Invocations Before Board meetings].

---

[1] *See* Website for Tangipahoa Parish School System: http://www.tangischools.org. (last visited February 24, 2008)

[2] *Id.*

11. The Board, in its policy, makes a transparent, unsuccessful attempt to distance itself from the invocation, providing that it "shall not be listed or recognized as an agenda item for the meeting or as part of the public business." *Id.* at ¶ 2.

12. The policy severely restricts who can give an invocation, limiting it to "eligible members of the clergy in the Parish of Tangipahoa." *Id.* at ¶ 4.

13. The Board is intimately involved in, and has actual control over, the operation and administration of the invocation policy. Indispensable to the administration and operation of the policy is the secretary to the Board. The invocation policy is administered by the secretary of the Board, who is a paid employee, paid with taxpayer dollars. First and foremost, the secretary is obligated to "compile and maintain a database (the Congregations List) of the religious congregations with an established presence in the local community." *Id.* at ¶ 4(a). The secretary is to compile this list from "the listing of 'churches,' 'congregations,' or other religious assemblies in the annual Yellow Pages phone book(s) published for Tangipahoa Parish, research from the internet, and consultation with local chambers of commerce." *Id.* at ¶ 4(b). To be eligible for inclusion on this list, the religious congregations must have "an established presence in the local community of Tangipahoa Parish." *Id.*; *See also* P-2 [Congregations List].

14. The policy imposes a twofold requirement for individuals desiring to give an invocation at a Board meeting: he/she must (1) be "an eligible member of the clergy in the Parish of Tangipahoa, Louisiana," *Id.* at ¶ 4, and (2) belong to a "religious congregation[] with an established presence in the local community of Tangipahoa Parish." *Id.* at ¶ 4(b). However, an exception is contained in the policy for "any chaplain who may serve one or more of the fire departments or law enforcement agencies of Tangipahoa Parish." *Id.* at ¶ 4( c).

15. The secretary is obligated to take reasonable efforts to update the "Congregations List in November of each calendar year." *Id.* at ¶ 4(d). Further, the secretary is required to extend invitations to those meeting the twofold requirement for giving invocations at Board meetings. According to the invocation policy, "[w]ithin thirty (30) days of the effective date of this policy, and on or about December 1 of each calendar year thereafter, the Secretary shall mail an invitation addressed to the "religious leader" of each congregation listed on the Congregations List, as well as to the individual chaplains included on the Congregations list." *Id.* at ¶ 4(e); *See also* P-3 [Letter to religious leaders].

16. Once there is a favorable response to the invitations sent out by the secretary, the prayer givers are "scheduled on a first-come, first-serve basis to deliver the invocations." *Id.* at ¶ 5.

17. The eligible members of the clergy selected to give the invocation is introduced by the "President of the Board." *Id.* at ¶ 8.

18. The Board decides which clergy will give the invocation, the date of the meeting at which the invocation will be given and, through the president, introduces the clergyperson. However, the Board, for obvious reasons, seeks to distance itself from the process, stating, "[t]he prayer shall not be listed or recognized as an agenda item for the meeting or as part of the public business." *Id.* at ¶ 2.

19. Plaintiff has attended various Board meetings at which an invocation has been given with the full knowledge, consent, acquiescence and participation of Board members, particularly, on October 2, 2007, January 22, 2008, and February 19, 2008. The invocation at the October 2, 2007, meeting was given by Rev. Francis Williams, of Butlers A.M.E. Zion Church,

in which he stated: "Overall give us an understanding that we may be able to come together and live according to your holy word. One Lord, One Faith, One Baptism." He concluded with a reference to Jesus Christ, stating: "That together we may grow and be one. In Jesus' name we pray. Amen." Rev. Stacy Morgan, of the Jerusalem Baptist Church, gave the invocation on January 22, 2008. His prayer included the following language: "Not only are they accountable to their conscience, nor are they only accountable to their constituents but, more importantly, they are accountable to an eternal God." In concluding, he stated, "In Christ name we pray, Amen." At the February 19, 2008, meeting, the invocation was given by Rev. Robert Mader, of the St. Paul Lutheran Church, who prayed as follows: "Heavenly Father, Lord of the universe, King of all creations, you have made all things and you have made us in your image and in your likeness." He concluded the prayer, stating: "In thy name. The precious name of Jesus the Christ. Amen."

20. On Monday, October 8, 2007, Plaintiff's spouse contacted the Board office and requested to give the invocation at a Board meeting. She was informed by the secretary of the board that she could give an invocation only if she were a minister of a congregation or a chaplain for the police or fire department. She was told that she would have to submit proof of her affiliation to the Board. When she stated that she was nondenominational, she was informed that she was precluded from giving the invocation.

21. Plaintiff takes offense to, and finds wholly objectionable, the religious invocations given at the start of the Board meetings. Plaintiff is placed in the untenable position of having to choose between sitting through an invocation, which he finds offensive, or leaving the room and returning when it is completed.

22. Plaintiff finds equally objectionable the non-secular manner in which the Board meetings are conducted. The Board meetings are an integral part of the Tangipahoa Parish public school system, requiring the Board to refrain from injecting religion into them. By commencing the meetings with a prayer, the Board is conveying its endorsement of religion.

23. Plaintiff finds objectionable the fact that the Board's invocation policy favors certain religion over other religion, and religion over non-religion.

24. The Board's use of the boardroom for religious invocations, on the date and at the time of a regularly scheduled Board meeting, at which members of the public are present, amounts to the Board placing its stamp of approval on religion, thus creating an unconstitutional preference for one religion over another religion, and/or religion over non-religion.

25. In doing the acts herein complained of, the Board, acting through its members, and under color of state law, intentionally, willfully and wrongfully deprived Plaintiff of rights secured by the Constitution and laws of the United States of America and the state of Louisiana.

26. At the time of Defendants' conduct, it was clearly established in law that Defendants could not authorize, permit, or acquiesce in (1) a prayer policy that favored religion over religion, (2) a prayer policy that favored religion over non-religion, (3) religious invocations at the start of each board meeting, and (4) a practice and pattern of deceit and subterfuge intended to conceal the unconstitutionality of the invocation policy. This was carried out by Defendants when they refused to include the invocation in the agenda prepared for the Board meeting, and refused to make and retain a recording of the invocation. Defendants, having been previously sued several times under the Establishment Clause, knew or should have known that their conduct was in violation of the Constitution and laws of the United States of America and the State of Louisiana.

## V. CAUSE OF ACTION:

27. Plaintiff realleges and reavers all of the allegations contained in paragraphs 1 through 26 of the Verified Complaint.

28. 42 U.S.C. § 1983 prohibits defendants from depriving plaintiffs of "rights, privileges and immunities secured by the Constitution and laws" of the United States.

29. The Establishment Clause of the First Amendment to the United States Constitution provides that a state "shall make no law respecting an establishment of religion." U.S. CONST. Amend. I. It is made applicable to the local school boards through the Fourteenth Amendment.

30. The Establishment Clause of the First Amendment forbids the enactment of any law or practice "respecting an establishment of religion." States are required to pursue a course of complete neutrality toward religion.

31. The Board is a public body, and its meetings are held in a public arena, available to all members of the public – including students. The meetings are an integral part of the public school system.

32. The invocation policy mandates a religious invocation at the commencement of each meeting. Pursuant to said policy, each meeting, since the inception of the policy, has commenced with prayer. The purpose of the policy is non-secular, for the policy only allows religious invocations. The prayers convey a message favoring one religion over another, and religion over non-religion. The secretary of the Board is responsible for the implementation and administration of the invocation policy -- from identifying "eligible clergy" to determining who will give the invocation. The secretary is essential to the operation and administration of the

invocation policy. The secretary's role in the invocation policy involves an excessive entanglement of government in religious matters and violates the Establishment Clause.

## VI. DECLARATORY JUDGMENT

33. Plaintiff is entitled to declaratory judgment pursuant to 28 U.S.C. § 2201, and in accordance with Federal Rules of Civil Procedure Rule 57, that Defendants' actions are in violation of the Establishment Clause of the First Amendment.

## VII. INJUNCTIVE RELIEF

34. Plaintiff have suffered, and will continue to suffer, immediate and irreparable harm in the event that Defendants and their agents are allowed to continue permitting, authorizing, encouraging and acquiescing in (1) a prayer policy that favored religion over religion, (2) a prayer policy that favor religion over non-religion, (3) religious invocations at the start of each board meeting, and (4) a practice and pattern of deceit and subterfuge which is intended to conceal the unconstitutionality of its invocation.

35. Accordingly, temporary, preliminary and permanent injunctive relief is hereby requested pursuant to Federal Rules of Civil Procedure, Rule 65, and in accordance with the Civil Rights laws of the United States.

## VIII.. DAMAGES

36. As a result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff is entitled to an award of nominal damages.

## IX. ATTORNEY'S FEES

37. Plaintiff requests, and is entitled to, an award of attorney's fees.

WHEREFORE, Plaintiff prays that Defendants be duly cited to appear and answer this Complaint; that they be served with a copy of same and that after all legal delays have expired and due proceedings be had, there be judgment in favor of Plaintiff, and against Defendants, for injunctive and declaratory relief, all damages, attorney's fees and costs of these proceedings, together with interest and all legal and equitable relief.

Respectfully submitted:

RONALD L. WILSON (#13575) (T.A.)
909 Poydras Street, Suite 909
New Orleans, Louisiana 70112
PH:    (504) 525-4361
FAX:  (504) 525-4380
Email: cabral2@aol.com
Cooperating Attorney, American Civil
Liberties Union Foundation of Louisiana

KATIE SCHWARTZMANN (#30295)
P.O. Box 56157
New Orleans, Louisiana 70156
PH: (504) 592-8056
FAX: (504) 522-0618
Staff Attorney for the American Civil
Liberties Union Foundation of LA
Email:  **kschwartzmann@laaclu.org**

BY: _RLWilson_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN DOE, #2
    Plaintiff

versus

TANGIPAHOA PARISH SCHOOL BOARD,
ANN SMITH, School Board Member, District
A, ROBERT POTTS, School Board Member,
Member, District B, LEONARD GENCO,
School Board Member, District C; AL LINK,
School Board Member, District D, DANNY RIDGEL,
School Board Member, District E, ROBERT
CAVES, School Board Member, District F, ERIC
DANGERFIELD, School Board Member, District G,
SANDRA BAILEY-SIMMONS, School Board Member, and
District H, ROSE DOMINQUEZ, School Board Member,
District I,
    Defendants

CIVIL ACTION

NUMBER:

SECTION:

MAGISTRATE
DIVISION

## VERIFICATION

I, JOHN DOE #2, verify that I have read the foregoing Verified Complaint and the facts and allegations contained therein are true and correct to the best of my information and belief.

_____
JOHN DOE #2

1

Sworn to and before me, Notary, February 26, 2008 at Hammond, Louisiana.

*Thomas J. Hogan Jr.*
THOMAS J. HOGAN, JR.
La. Bar No. 06908
My commission is for life